UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMMY B., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. C18-5577-JLR-MAT <br><br> REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing by an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the record (AR), and all memoranda, the Court recommends a REMAND for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1964.[1] She obtained her GED, attended some college, and previously worked as a telephone solicitor, home care giver, short order cook, bartender, waitress,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

REPORT AND RECOMMENDATION
PAGE - 1

and cake decorator. (AR 133-34, 538, 958.)

Plaintiff previously sought disability benefits. In a decision dated June 28, 2013, an ALJ found, in relevant part, a severe affective-depressive disorder with drug and alcohol abuse, causing moderate social limitations in functioning, and limited plaintiff to only occasional interaction with the general public. (AR 144-61.) The ALJ further found plaintiff not disabled from August 2007 through the date of the decision. Plaintiff did not appeal and the decision became binding. *See* 20 C.F.R. §§ 404.955, 416.1455.

Plaintiff filed the DIB and SSI applications currently at issue in May 2014, alleging disability beginning April 14, 2014. (AR 469, 476.) The applications were denied initially and on reconsideration. ALJ Mary Gallagher Dilley held a hearing on March 16, 2016, taking testimony from plaintiff and a vocational expert (VE). (AR 59-104.) On June 15, 2016, the ALJ found plaintiff disabled for a closed period, from April 14, 2014 through September 1, 2015, due to severe cardiac disease, but not disabled since September 2, 2015. (AR 241-50.) The ALJ concluded plaintiff had not developed an impairment since September 2, 2015, finding a lack of evidence for a severe mental health impairment for a continuous twelve-month period and did not assess any work limitations associated with a mental impairment. (AR 246-47.)

Plaintiff appealed and the Appeals Council issued an Order of Affirmation and Remand dated August 16, 2016. (AR 262-64.) The Appeals Council affirmed the ALJ's decision of disability through September 1, 2015 and remanded for the period after that date. The Appeals Council pointed to evidence associated with plaintiff's cardiac condition and the ALJ's failure to make a complete decision through the June 15, 2016 decision date. (AR 262-63.) The Appeals Council directed the ALJ, for the period after September 1, 2015, to consider the expanded record and adjudicate the entire period at issue; obtain additional evidence concerning plaintiff's cardiac

disease; consider treating source opinions; further evaluate the issue of medical improvement after September 1, 2015; and further evaluate alleged symptoms and provide rationale pertaining to that evaluation.  (AR 263.)

The ALJ held another hearing on September 7, 2017, taking testimony from plaintiff, a VE, and a medical expert.  (AR 105-40.)  The ALJ issued a second decision finding plaintiff not disabled from September 2, 2015 through the January 31, 2018 date of the decision, and addressing plaintiff's mental health impairments and other conditions as described below.  (AR 15-24.)

Plaintiff timely appealed.   The Appeals Council denied plaintiff's request for review on May 29, 2018 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since September 2, 2015.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's cardiac disease status post valve replacements, thoracic compression fracture, and intermittent substance abuse severe.  The ALJ noted the Appeals Council had not disturbed her assessment of mental health symptoms and continued to find no severe mental health impairment since September 2, 2015.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found no more than mild limitations from plaintiff's anxiety and depression in all functional areas

(AR 18-19) and concluded plaintiff's impairments did not meet or equal the criteria of a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform sedentary work, with the following limitations: occasionally lift or carry ten pounds and frequently lift or carry less than ten pounds; stand and sit without limitation and walk one quarter mile at a time for a total of one hour in an eight-hour workday; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; occasionally reach in all directions; and must avoid concentrated exposure to extreme heat and cold, wetness, humidity, fumes, odors, dust, and gases. With that assessment, and with the assistance of the VE, the ALJ found plaintiff able to perform past relevant work as a telephone solicitor.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Having found plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of

REPORT AND RECOMMENDATION
PAGE - 4

which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in failing to address and provide the necessary reasons for not accepting the October 30, 2014 opinion of examining psychologist Dr. John Lloyd that she "should not do tasks which require significant interpersonal interaction." (AR 960.) She states this opinion is uncontradicted and supported by the opinions of non-examining State agency psychological consultants Drs. John Robinson and Gary Nelson, offered in July and November 2014 respectively and finding her "[c]apable of simple superficial social interaction." (AR 198, 233.) Plaintiff avers harm given the VE testimony a limitation to "simple, superficial social interaction" would eliminate the telephone solicitor position (AR 136) and result in an absence of transferable skills, leading to a finding of "disabled" under Medical-Vocational Rule 201.14. *See* 20 C.F.R. Part 404, Subpt. P, App. 2 at § 201.14.

Plaintiff also argues the ALJ erred in failing to give effect to the June 2013 RFC limitation to "work allowing for occasional interaction with the general public in the course of carrying out work tasks." (AR 157.) Pursuant to Acquiescence Ruling (AR) 97-4(9), in cases involving a subsequent disability claim with an unadjudicated period arising under the same title as a prior denied claim, adjudicators "must adopt" an RFC assessment from the prior decision "unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." Plaintiff notes the ALJ's failure to address the prior RFC limitation to occasional interaction, let alone identify new and material evidence to refute it. She avers harm given the frequent talking and hearing required of a telephone solicitor. *See* DICOT 299.357-014, 1991 WL 672624.

Plaintiff requests remand for an award of benefits. The Commissioner concedes the errors,

REPORT AND RECOMMENDATION
PAGE - 5

but maintains the need for further administrative proceedings.

## Remand Standard

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). It "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Under that rule, "when 'the record before the agency does not support the agency action, . . . the agency has not considered all relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Treichler*, 775 F.3d at 1100 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985), and citing *Gonzales v. Thomas*, 547 U.S. 183, 185 (2006)).

To depart from the ordinary remand rule and award benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must find the record has been fully developed and further administrative proceedings would serve no useful purpose. *Id*. In so doing, the Court considers the existence of outstanding issues that must be resolved before a disability determination can be made. *Id*. Third, with the first two conditions satisfied, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d

REPORT AND RECOMMENDATION
PAGE - 6

at 1021). *Accord Leon*, 880 F.3d at 1045 ("When these first two conditions are satisfied, we then credit the discredited testimony as true for the purpose of determining whether, on the record as a whole, there is no doubt as to disability."); *Treichler*, 775 F.3d at 1101 (the Court asks whether the record leaves not the slightest uncertainty as to the outcome).

Even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495. The Court may remand for further proceedings where the record, considered as a whole, creates serious doubt as to whether a claimant is disabled. *Id*. As stated by the Ninth Circuit:

> The touchstone for an award of benefits is the existence of a disability, not the agency's legal error. To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make "disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."

*Id.* (quoted sources omitted). *Accord Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.") If the record is uncertain and ambiguous as to disability, the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

<u>Application of Remand Standard</u>

There is no dispute the ALJ failed to consider the opinion of Dr. Lloyd, or those of Drs. Robinson and Nelson, and failed to apply AR 97-4(9). The parties here dispute whether or not the remaining remand criteria support an award of benefits.

The parties, as an initial matter, disagree as to whether it is permissible or appropriate to remand this matter where the ALJ never considered evidence or outstanding issues. The Commissioner asserts that where an ALJ has not addressed an issue, the issue is outstanding and

REPORT AND RECOMMENDATION
PAGE - 7

further administrative proceedings are necessary. *Thomas*, 547 U.S. at 186-87; *Dominquez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015), *as amended at* 2016 U.S. App. LEXIS 2321 (Feb. 15, 2016). The Commissioner maintains the Court should not be the first to weigh a medical opinion and distinguishes cases involving deficiencies in an ALJ's rationale, as opposed to an ALJ's failure to address evidence or issues in the first instance. (*See* Dkt. 16 at 8-9.) Plaintiff rejects this interpretation and maintains the ALJ already addressed the "issue" of the extent of her social limitations upon assessing an RFC lacking any limitations in social interactions and in reaching the ultimate determination of non-disability. Plaintiff posits the Commissioner seeks a "mulligan," which does not qualify as a "useful purpose." *Garrison*, 759 F.3d at 1021. The Court, for the reasons set forth below, finds application of the remand criteria to reveal outstanding issues necessitating further proceedings, as well as doubt raised on the question of disability.

Consistent with the directive of the Appeals Council, the ALJ considered evidence relating to plaintiff's claim of disability since September 2, 2015. She found no severe mental health impairment as of that date, giving the following examples in support of her conclusion: (1) evidence showing, despite complaints of depression and anxiety in October 2015, plaintiff had appropriate mood and affect on mental status examination (MSE) and displayed unimpaired memory (AR 1061); (2) a November 2015 diagnosis of depressive disorder, single episode (AR 1054) and evidence of high emotional stress for situational issues (AR 1048); and (3) medical records since the prior hearing indicating depression due to situational stressors (AR 1121-22). (AR 18.) In June 2017, plaintiff presented with symptoms of depression and anxiety, reported she was homeless but had a place lined up, reported other stressors including losing her car and having court, and Dr. Matthew Johnson diagnosed bipolar disorder not otherwise specified. (AR 18, 1357-60.) The ALJ found the diagnosis not supported by the medical record, which showed,

REPORT AND RECOMMENDATION
PAGE - 8

outside of situational stressors, stable mood and MSEs within normal limits. (AR 18, 1111, 1142.) Plaintiff had also missed two mental health consultative evaluations. (AR 18.)

The ALJ assessed mild limitations at step three, including in the category of interacting with others. (*Id*.) Plaintiff interacts appropriately with treatment providers, has no problems getting along with family and friends, shops in stores, and "couch surfs," demonstrating ability to interact with others to find a place to stay. (*Id*. (citing AR 584-91 and hearing testimony).)

The ALJ further considered the opinion of Dr. Johnson at step four, including his assessment of social phobia markedly interfering with the ability to communicate. (AR 23, 1105.) She found no objective evidence to support the opinion and found it contrary to the record, showing plaintiff goes out regularly, shops in stores, spends time with friends, and couch surfs. (AR 23, 553-60.) The ALJ assigned little weight to a November 2015 opinion of mental health counselor Mallory De Cillis. De Cillis was unable to formulate a specific diagnostic impression, but opined plaintiff had impairments in areas including "interpersonal relating, which could adversely affect employment." (AR 23, 1388-89.) The ALJ found De Cillis relied primarily on plaintiff's self-report, with plaintiff's treatment entailing a one-hour intake session in March 2015, subsequent cancellations on multiple occasions, partial attendance at an October 2015 appointment, and the November 2015 letter from De Cillis prompted by plaintiff's telephone request. These factors undermined the reliability of the opinion. The ALJ also found the opinion inconsistent with the overall medical evidence of record, showing situational stressors, MSEs primarily within normal limits and with appropriate mood and intact memory, and multiple missed mental health sessions due to transportation issues, rather than disabling symptoms of depression or anxiety.

Because the ALJ did not consider the opinions of Drs. Lloyd, Robinson, or Nelson or, for that matter, any other evidence dated prior to September 2015, it remains to be seen how the

REPORT AND RECOMMENDATION
PAGE - 9

unaddressed opinion evidence would impact her conclusions at step two and beyond. A remand to allow for that consideration would not serve as a mulligan. That is, the ALJ would not be provided an opportunity to "revisit" medical opinions and testimony she previously "rejected for insufficient reasons[.]" *Garrison*, 759 F.3d at 1021 ("Although the Commissioner argues that further proceedings would serve the 'useful purpose' of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis.") Instead, further proceedings will allow the ALJ to consider previously unaddressed evidence and conduct the assessment required by AR 97-4(9).

The Court also finds uncertainty as to plaintiff's entitlement to disability. The ALJ must consider evidence of changed circumstances. In the June 2013 decision, the ALJ assessed a severe impairment of affective-depressive disorder with drug and alcohol abuse, and the record as reflecting depressive and pain conditions "inseparable from her alcohol dependence." (AR 146-47.) The ALJ observed in assessing moderate difficulties in social functioning at step three: "Given her heavy alcohol use and intermittent heroin use she is still noted by her many treating physicians and social workers as cooperative and socially appropriate throughout hundreds of hours of interviews in the record." (AR 155.) At step four, with the limitation to occasional interaction with the general public, the ALJ noted records through January 2013 "clearly reflect[ed] ongoing and heavy alcohol and heroin use[]" and plaintiff's testimony of having stopped her prescription medications over a year prior to the May 2013 hearing. (AR 157.)

The record subsequent to the June 2013 decision reveals significant differences. At the 2017 hearing, plaintiff testified she stopped using non-prescribed drugs in 2014 and rarely

REPORT AND RECOMMENDATION
PAGE - 10

consumed alcohol. (AR 112-13.) While the record continues to show both denied and admitted or passive suicidal ideation (*see, e.g.,* AR 833, 940, 959, 1233, 1239, 1364, 1388), the 2013 decision addressed several hospitalizations for suicidal ideation/attempt in 2012 and January 2013, which the ALJ found resulted from heavy intoxication from drugs and alcohol (AR 154-55). As found by the ALJ, MSEs subsequent to the 2013 decision consistently fell within normal limits. (AR 751, 787, 808, 831, 835, 837, 842, 844, 847, 851, 949, 1006, 1028, 1061, 1111, 1142, 1146, 1198, 1226, 1253, 1263.) Contrary to plaintiff's depiction of this evidence as selective, there is minimal evidence to the contrary. (*See, e.g.*, AR 1167-68 (depressed mood and flat affect noted during hospitalization for pulmonary embolism in April 2014; also noting consumption of one-to-two alcoholic drinks daily and smoking methamphetamine ten out of thirty days a month); AR 1240, 1245 (September 2014: affect/mood appropriate to situation/depressed; dysphoric/anxious/restless; encouraged to seek treatment for anxiety instead of self-medicating with methamphetamine); AR 1364 (June 2017: "Affect normal, Judgment unclear, a bit blurry, no SI").)

Other more recent records reflect cooperative and pleasant interactions with providers (*see, e.g.*, AR 795, 804, 830, 837, 844, 847, 959, 1013, 1118, 1112, 1180, 1188) and significant situational stressors, such as financial and housing problems (*see, e.g.*, AR 1048, 1357-58). De Cillis, for example, identified plaintiff's primary complaints as revolving around "financial difficulties, disappointment with healthcare, frustrations in trying to obtain disability benefits and feelings of being let down by the system." (AR 1389.) She stated:

> The situation shared here . . . is one of being unable to work or drive due to medical issues, having difficulty finding transportation to scheduled appointments, being unable to find caregivers that meet background check criteria, having no financial resources which would allow her to move closer to town, being behind in rent and fearful of becoming homeless, being overwhelmed with anxiety, and unable to obtain refills of her anti-anxiety medication. Over a period

of seven months, she attended two out of six scheduled appointments here. Primary reason given for late cancellations was "no transportation."

(*Id.*) Plaintiff appeared to have "some basic survival needs that necessitate intervention, before engagement in mental health therapy." (*Id.*) De Cillis could not attest whether the "psychological impairments are primary, or secondary to her medical history, or associated with another cause[.]" (*Id.*) (*See also* AR 958-60 (Dr. Lloyd identified stress-related anxiety attacks, with "main stressors of being alone and financial problems", and while "quite tearful" and admitting to suicidal thoughts, plaintiff had a largely normal MSE and named three friends, one of whom she saw daily and another she saw about twice a week).)

The Court, in sum, finds outstanding issues necessitating further consideration on remand and the record uncertain and ambiguous as to disability. It remains to be seen whether the unaddressed opinion evidence and application of AR 97-4(9) will alter the ALJ's conclusion, and this case does not present the rare circumstance warranting an immediate payment of benefits. This matter should be remanded for further administrative proceedings.

## CONCLUSION

This matter should be REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **May 3, 2019**.

DATED this 18th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 13