|     |                              |                              |
| --- | ---------------------------- | ---------------------------- |
| 1   |                              |                              |
| 2   |                              |                              |
| 3   |                              |                              |
| 4   |                              |                              |
| 5   |                              |                              |
| 6   |                              |                              |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| TAMMY LEE BRUEGMAN, | CASE NO. C18-5577JLR |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 18)), and Plaintiff's objections thereto (Objs. (Dkt. # 19)).  Having carefully reviewed the foregoing, along with all other relevant documents and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 18).

//

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

## III. DISCUSSION

Plaintiff objects to the Report and Recommendation's determination that this matter be remanded for further proceedings rather than an immediate calculation of benefits. (*See generally* Objs.) Plaintiff's objections to the Report and Recommendation are based on two reasons: (1) the ALJ's alleged failure to address Drs. Lloyd, Robinson, and Nelson's opinions; and (2) the Report and Recommendation's "uncertainty as to plaintiff's entitlement to disability." (*Id.* at 1.)

Plaintiff's objections do not raise any novel issues that were not addressed by Magistrate Judge Theiler's Report and Recommendation. Moreover, the court has

thoroughly examined the record before it and finds Magistrate Judge Theiler's reasoning persuasive in light of that record. Plaintiff essentially reargues the arguments she made to Magistrate Judge Theiler, as well as other issues that Magistrate Judge Theiler thoroughly addressed in the Report and Recommendation, and the court independently rejects them for the same reasons as Magistrate Judge Theiler.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. #18) in its entirety;

(2) The court REMANDS this action for further administrative proceedings; and

(3) The court DIRECTS the Clerk to send copies of this order to counsel for Plaintiff, counsel for Defendant, and Magistrate Judge Theiler.

Dated this 13th day of May, 2019.

JAMES L. ROBART
United States District Judge